MRS. C. A. IRVIN, *Appellant*, V. THE METROPOLITAN
STREET RAILWAY COMPANY, *Appellee*.

No. 17,743.

HEADNOTE BY THE REPORTER.

NEGLIGENCE—*Personal Injuries—Instructions*.    In an action to
recover for personal injuries sustained while alighting from
a street car the instructions examined and held not to have
been misleading to the jury nor prejudicial to the rights of
appellant.

Appeal from Wyandotte court of common pleas.
Opinion filed July 6, 1912.    Affirmed.

*C. Angevine, J. K. Cubbison*, and *William G. Holt*,
all of Kansas City, for the appellant.

*O. L. Miller*, and *C. A. Miller*, both of Kansas City,
for the appellee; *Samuel Maher*, of Kansas City, of
counsel.

*Per Curiam:*    In an action to recover for personal
injuries sustained by appellant while alighting from
a street car the jury returned a verdict in favor of the
railway company.    The negligence relied on was the
starting of the car while appellant was in the act of
alighting from it.    On what appears to be sufficient
evidence, this issue was determined against appellant.
The only objections urged here are those made against
the instructions.    In one the court spoke of what would
be the result if appellant offered testimony in regard
to getting off the car while it was in motion where such
testimony was not contradicted by the evidence of the
defendant.    Since the plaintiff had not offered any such
testimony the reference to it was, of course, a mistake;
but as she testified positively that the car was standing
still when she started to alight the statement could not
have misled the jury or prejudiced her.    Nor was there
material error in the instruction holding it to be the

duty of the company to hold a car still for a reasonable and sufficient length of time to allow those who desired to alight to do so. In it there was a statement that if the car was stopped for that purpose it was the duty of the company to not start it forward "until the plaintiff had a reasonable opportunity to alight therefrom." It is argued that this carried the idea that the car might be started while the passenger was alighting, provided she did not get off in a reasonable time. The entire charge shows plainly enough that this was not the theory of the court and the jury could not have drawn the inference that the.court meant that those in charge of the car might start it forward even though appellant was then seen to be in the act of alighting.

. Other objections are made to the instructions, which have been examined, but in none of them do we find any material error. The judgment is affirmed.